**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. GENTNER DRUMMOND, in his official capacity as ATTORNEY GENERAL OF OKLAHOMA,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURY ALUMINUM COMPANY, a Delaware corporation; and ALUMINUM OKLAHOMA, LLC d/b/a OKLAHOMA PRIMARY ALUMINUM, LLC,<br><br>Defendants. | Case No.: 26-cv-00450-SEH-SH<br><br>**JOINT STATUS REPORT**<br><br>(for cases with a presiding district judge) |

**Jury Demanded:** Yes ☐ No ☒

**I. Summary of Claims:**

Plaintiff State of Oklahoma, ex rel. Attorney General Gentner Drummond, filed this action in the District Court of Rogers County on June 2, 2026. The Petition pleads two claims, both arising exclusively under Oklahoma law, and expressly disclaims any federal cause of action. Pet. ¶¶ 3, 10.

**Count I — Anticipatory Public Nuisance.** Defendants propose to construct and operate a primary aluminum smelter at the Tulsa Port of Inola in Rogers County, within approximately three miles of Inola's homes, schools, and pastures. By Defendants' own air-quality permit application, the facility would emit on the order of 425 tons of fluoride compounds per year, together with substantial quantities of nitrogen oxides, sulfur dioxide, and fine particulate matter. Airborne fluoride settles on forage and accumulates irreversibly in the bone and teeth of grazing cattle, causing fluorosis and herd loss. The State alleges that the facility, as proposed and sited, would constitute a public nuisance under Okla. Stat. tit. 50, §§ 1, 2, and 8, and seeks abatement and injunctive relief.

**Count II — Threatened Pollution (pleaded in the alternative).** Oklahoma law makes it unlawful to cause pollution of the waters of the State, or to place wastes where they are likely to cause pollution of the air, land, or waters of the State, and declares any such action to be a public nuisance. Okla. Stat. tit. 27A, § 2-6-105(A). The State alleges that Defendants' planned operations, including their plan to route industrial process wastewater through a treatment facility neither designed nor permitted for such waste, are likely to cause that pollution.

**Relief sought.** The State seeks equitable relief only: temporary, preliminary, and permanent injunctive relief restraining construction and operation of the smelter except upon terms and conditions necessary to prevent the threatened nuisance, together with abatement of the anticipated public nuisance.

**Plaintiff's note regarding Doc. 19**. The State does not agree that Defendants' below proposal moots the relief requested in the Motion for Preliminary Injunction. The motion asks the Court to restrain construction of the smelter "including site preparation, grading, and foundation work." Doc. 19 at 1. Defendants' proposal

withholds only the emissions units themselves, and it expressly reserves the right to proceed with ground clearing, earth moving, cement pads and foundations, utility installation, and related infrastructure. That is the work the motion seeks to restrain. A proposal that permits the conduct at issue does not moot a request to enjoin it.

**A. Claims to be Dismissed:**

None.

**II. Summary of Defenses:** Plaintiff has stated no presently actionable claim, as there is not even a reasonable probability of any emissions or waste in the absence of the construction permit presently pending at Oklahoma's Department of Environmental Quality ("DEQ"). As DEQ continues to perform its regulatory work, there is also no imminent or irreparable harm to anyone, and therefore no reason to enjoin the parties to maintain the status quo. In short, the AG is seeking to substitute his preferences for emissions for those levels that may ultimately be approved by DEQ.

Defendants do not agree that Plaintiff's Motion for Preliminary Injunction (Doc. 19) is warranted under any circumstances for the reasons that will be briefed in its forthcoming Response. Notwithstanding, Defendants have also agreed to moot the issue by following the guidance from DEQ in its letter dated December 22, 2025. Consistent with the guidance from DEQ in its letter of December 22, 2025, Defendants will not commence the construction of any "emissions units" as currently defined in 40 CFR 52.21(b)(7) until the date on which the DEQ issues the Prevention of Significant Deterioration ("PSD") permit for the project. For the avoidance of doubt, before such date, Defendants may undertake other activities including: (1) the construction of supporting structures to house the emissions units (but not the construction of the emissions units themselves); (2) all construction work incidental to the construction of these supporting structures or the project generally, including surveys, testing, ground clearing or earth moving, installing cement pads and foundations, the installation of utilities and all related infrastructure (gas, electric, water, etc.); (3) construction of facilities that will eventually support the project, including but not limited to relocation of the existing natural gas pipeline by OneGas, and barge slip improvements by Tulsa Ports.

Defendants do not contend that the Motion for Preliminary Injunction is moot. Rather, Defendants contend simply that the requested injunctive relief is entirely unwarranted, as there is no reasonable probability of any emissions or wastes.

**A. Defenses to be Abandoned:** None.

**III. Motions Pending (Include Docket Number, Description and Date at Issue):**

1. **Doc. 11 —** Plaintiff's Motion to Remand, filed July 23, 2026. At issue August 20, 2026.

2. **Doc. 13 —** Defendants' Motion to Dismiss for Failure to State a Claim or, Alternatively, to Dismiss or Stay Pursuant to the Doctrine of Primary Jurisdiction, filed July 28, 2026. At issue upon the filing of a reply or the expiration of the reply period. LCvR 7-1(f).

3. **Doc. 19 —** Plaintiff's Motion for Preliminary Injunction, filed August 11, 2026. At issue upon the filing of a reply or the expiration of the reply period.

## IV. Stipulations:

### A. Jurisdiction Admitted:

Yes ☐ No ☒

**Plaintiff's position:** The State does not concede, and expressly contests, this Court's subject-matter jurisdiction. The Petition pleads only Oklahoma common law and Oklahoma statutes and disclaims any federal claim. The State submits that the Court should resolve Doc. 11 before reaching any other matter, and that the deadlines and plan proposed below should take effect only if the case remains in this Court.

**Defendants' position:** Defendants acknowledge the pendency of the AG's Motion to Remand. Defendants deny that the Petition pleads "only Oklahoma common law and Oklahoma statutes" because the remedy requested—injunctive relief of various forms—implicates substantial issues of federal law that are necessarily raised and must be resolved. Those issues are not defenses, but directly address the availability of the remedy sought by Plaintiff. Defendants acknowledge that jurisdictional issues (whether subject matter or personal) should typically be decided prior to the resolution of other pending motions.

### B. Venue Appropriate:

Yes ☒ No ☐

Rogers County lies within this District. If the Court concludes that it has subject-matter jurisdiction, venue is proper under 28 U.S.C. § 1441(a).

**C. Facts:** None at this time.

**D. Law:** None at this time.

## V. Proposed Deadlines:

**Plaintiff's note.** The State proposes the dates below without waiving its position that this case belongs in state court.

**Defendants' note:** Given the pendency of the parties' 12(b)(1) and 12(b)(6) Motions, Defendants would prefer that a Scheduling Order not be entered at this stage. To the extent the Court enters any Scheduling Order, Defendants suggest that the Order address only (1) resolution of Defendants' Motion to Dismiss for Failure to State a Claim or, Alternatively, to Dismiss or Stay Pursuant to the Doctrine of Primary Jurisdiction, which should be decided prior to the AG's Motion for Preliminary Injunction; and (2) the manner in which the AG's Motion for Preliminary Injunction will be resolved, including any legal determination concerning the sufficiency of claims and the availability of relief requested as a matter of law, as well as deadlines for discovery to be conducted in relation to any hearing that may be scheduled.

### A. Parties to be Added by:

**Plaintiff:** Three weeks from the date the Court resolves the Plaintiff's Motion to Remand, doc. 11 (hereinafter "Doc. 11").

**Defendants:** Three weeks from the date the Court resolves Defendants' Motion to Dismiss for Failure to State a Claim or, Alternatively, to Dismiss or Stay Pursuant to the Doctrine of Primary Jurisdiction (hereinafter "Dkt. No. 13").

**B. Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):**

**Plaintiff:** Four months from the date the Court resolves Doc. 11.

**Defendants:** Four months of discovery limited to issues arising from the Motion for Preliminary Injunction if and only if such a hearing is necessary following the resolution of Dkt. No. 13.

**C. Fact Witness Lists to be Exchanged by:**

**Plaintiff:** Three months from the date the Court resolves Doc. 11.

**Defendants:** In relation to any necessary hearing on the Motion for Preliminary Injunction, one month from the date the Court resolves Dkt. No. 13.

**D. Proposed Date for Expert Reports by Plaintiff and Defendant:**

**Plaintiff:** Six weeks from the date the Court resolves Doc. 11 for Plaintiff's experts. Ten weeks from the date the Court resolves Doc. 11 for Defendants' experts. Rebuttal reports: Thirteen weeks from the date the Court resolves Doc. 11.

**Defendants:** In relation to any necessary hearing on the Motion for Preliminary Injunction, four weeks from the date the Court resolves Dkt. No. 13 for Plaintiff's experts. Eight weeks from the date the Court resolves Dkt. No. 13 for Defendants' experts. Eleven weeks from the date the Court resolves Dkt. No. 13 for Rebuttal experts.

## VI. Fed. R. Civ. P. 26(f) Discovery Plan

**A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?**

Yes ☒ No ☐

The parties agree that Rule 26(a)(1) disclosures should be made fourteen days after the Court rules on Doc. 11.

**B. When were or will initial disclosures under Rule 26(a)(1) be made?**

Counsel conferred for purposes of this Report on August 17, 2026. The parties agree that initial disclosures be made fourteen days after the Court rules on Doc. 11.

**C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?**

Yes ☐ No ☒

**Plaintiff**: No

**Defendants**: Yes. As outlined above, Defendants propose that discovery limited to issues arising from the AG's Motion for Preliminary Injunction be scheduled if and only if the Court determines that such a hearing is necessary.

**D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?**

Yes ☐ No ☒

**E. Proposed Number of Fact and Expert Depositions:**

1. To be allowed for Plaintiff? Fifteen fact depositions, plus one deposition of each expert designated by Defendants.

2. To be allowed for Defendant? Defendants propose no limitations at this time given the lack of present uncertainty concerning whether any hearing is necessary in relation to the Motion for Preliminary Injunction and, if so, who the witnesses presented may be.

**F. Is there a need for any special discovery management order(s) by the Court?**

Yes ☒ No ☐

The State anticipates that the parties will require a stipulated protective order governing confidential engineering, permitting, and commercial information. The State will confer with Defendants and submit proposed orders. As noted above, Defendants propose that discovery proceed in stages, with discovery limited to issues arising from the AG's Motion for Preliminary Injunction to be scheduled if and only if the Court determines that such a hearing is necessary.

**G. Electronically Stored Information**

Counsel have reviewed the Court's Guidelines for Discovery of Electronically Stored Information.

**VII. Anticipated Dispositive Motions?**

Yes ☒ No ☐

**Plaintiff:** Defendants' Motion to Dismiss (Doc. 13) is pending. If the case remains in this Court and survives that motion, the State anticipates moving for summary judgment or, in the alternative, for permanent injunctive relief.

**Defendants:** A 12(b)(6) Motion to Dismiss or Stay presently pends. In the event that Motion does not result in a dismissal or stay of this action, Defendants intend to file a summary judgment motion that will explain the absence of actionable claims, as well as the absence of elements of irreparable and imminent harm in relation to any permanent injunctive relief.

**VIII. Do all parties consent to trial before a magistrate judge?**

Yes ☐ No ☒

**IX. Is there any matter that should be referred to a magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

Yes ☐ No ☒

**X. Settlement Plan:**

☐ Settlement Conference Requested After:

Describe Settlement Judge Expertise Required, If Any:

☐ Private Mediation Scheduled On:

☐ Other ADR (Explain):

ADR Appropriate: Yes ☐ No ☒

**Plaintiff:** The State does not presently believe ADR would be productive. This is a sovereign enforcement action seeking to prevent a threatened public nuisance, not a dispute over money.

**Defendants:** Defendants request that the Court schedule a settlement conference after January 11, 2027. Defendants request that the selected settlement judge have knowledge of or experience with the Clean Air Act and the regulatory function of DEQ.

Have your clients reviewed the ADR information available on the Court's website?

Plaintiff: Yes ☒ No ☐ Defendants: Yes ☒ No ☐

**XI. Does this case warrant special case management?**

Yes ☒ No ☐

A fully briefed motion to remand is pending, and its disposition determines whether any schedule entered here will govern. Defendants reiterate their preference for no scheduling order at this time given the pendency of the Motion to Remand and the Motion to Dismiss or Stay.

**XII. Do the parties request that the Court hold a scheduling conference?**

Yes ☐ No ☒

Defendants urge the Court to schedule a conference at which the parties can address various pending issues and advise the Court concerning the latest developments. In effect, Defendants request a Status Conference after which the Court can determine whether, for example, the entry of any Scheduling Order is presently desirable.

**XIII. Estimated Trial Time:**

Five days, non-jury.

**Attorney for Plaintiff (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):**

Gentner Drummond, OBA #16645, Attorney General
Garry M. Gaskins, II, OBA #20212, Solicitor General
Jennifer L. Lewis, OBA #32819, Deputy Attorney General
Office of Attorney General, State of Oklahoma
313 N.E. 21st Street, Oklahoma City, OK 73105
Phone: (405) 521-3921
Email: gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov
jennifer.lewis@oag.ok.gov

**Attorney for Defendants (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):**

J. Christopher Davis, OBA #16639
Kayci Bair Hughes, OBA #18399
Bradley W. Welsh, OBA #18488
**CROWE & DUNLEVY**
222 N. Detroit Ave., Suite 600
Tulsa, Oklahoma 74120
Telephone: (918) 592-9800
Email: chris.davis@crowedunlevy.com
kayci.hughes@crowedunlevy.com
brad.welsh@crowedunlevy.com

-and-

Donald K. Shandy, OBA#11511
Timila Rother, OBA #14310
**CROWE & DUNLEVY**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Email: don.shandy@crowedunlevy.com
timila.rother@crowedunlevy.com